UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF LOUISIANA

| | |
|---|---|
| SOUTHERN CREDENTIALING SUPPORT SERVICES, L.L.C. | CIVIL ACTION NO. |
| Plaintiff | JUDGE |
| v. | MAGISTRATE JUDGE |
| HAMMOND SURGICAL HOSPITAL, L.L.C. doing business as CYPRESS POINTE SURGICAL HOSPITAL, HAMMOND SURGICAL HOSPITAL MANAGEMENT CO., L.L.C., HAMMOND SURGICAL HOSPTIAL HOLDING CO., L.L.C., HAMMOND SURGICAL HOSPITAL HOLDING CO. II, L.L.C., and, individually, W. CHRISTOPHER BEARY and ROSS LAGARDE | SECTION "__" (__) |
| Defendants | |

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Southern Credentialing Support Service, L.L.C., alleges the following in support of its Complaint:

### INTRODUCTION

1. This action arises out of willful copyright infringement of an original credentialing forms designed, created, owned, and copyrighted by plaintiff, Southern Credentialing Support Service, L.L.C. ("Southern"). Southern owns U.S. Copyright Registration No. TX 7-935-846 ("Southern's Copyright") covering health care provider credentialing forms designed and created by Southern. Southern has learned that defendants Hammond Surgical Hospital, L.L.C. doing business as Cypress Pointe Surgical Hospital, Hammond Surgical Hospital Management Co., L.L.C. , Hammond Surgical Hospital Holding Co., L.L.C., Hammond Hospital Holding Co. II,

L.L.C., and individuals W. Christopher Beary, and Ross Lagarde (collectively, the "Defendants") are using Southern's Copyright without authorization or license. Accordingly, Southern seeks preliminary and permanent injunctive relief, damages and attorney fees for injuries that have been and will continue to be caused by such use in violation of the Copyright Act (17 U.S.C. §§101, *et seq*).

## JURISDICTION

2. This action arises under the Copyright Act, 17 U.S.C. §§101 *et seq* and the jurisdiction of the Court is founded upon 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1338(a) (original and exclusive jurisdiction over copyright actions).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (b) (2) and (c)(2) because Defendant is subject to personal jurisdiction in this District. The District has personal jurisdiction because Defendants are residents of this district, transact business in this District, have committed tortious acts in this District, and have engaged in activities in this District that subject it to the jurisdiction of this Court.

## THE PARTIES

4. Plaintiff Southern Credentialing Support Service, L.L.C. is a Louisiana limited liability company having its principal place of business Covington, Louisiana. Southern provides health care provider credentialing services to hospitals, medical clinics, and health care professionals across the state of Louisiana.

5. Upon information and belief, Defendants are Louisiana based companies and individuals domiciled in the Eastern District of Louisiana. Defendants own, operate, and manage healthcare facilities across Louisiana and in this District.

## FACTUAL ALLEGATIONS

6. Southern has been providing credentialing services to healthcare providers and healthcare facilities for several years.

7. Before November 2010, Southern created and designed forms that it uses in its credentialing and re-credentialing of healthcare providers process (the "Original Works"). These are original works that may be copyrighted under United States law.

8. Southern applied for and received a Certificate of Registrations Numbers TX0007949353 on February 26, 2014 and TX0007935846 on July 25, 2014 from the U.S. Copyright Office for its Original Works first published as early as September 15, 2010 ("Southern's Copyrights").

9. Since November, 2010, Southern has been using its Original Works under Southern's Copyrights to provide credentialing and re-credentialing services to healthcare providers and healthcare facilities across Louisiana and has not licensed Southern's Copyright to any individual or entity, and has remained the sole owner of Southern's Copyright.

10. Southern began providing credentialing and re-credentialing for healthcare providers services to Defendants by agreement on November 15, 2012 (the "Service Agreement").

11. The Service Agreement did not contain any language in which Southern agreed to provide any of its Original Works as "work for hire."

12. After Southern and Defendants terminated the Service Agreement dated November 15, 2012, Defendants began using Southern's Original Works, protected under Southern's Copyrights, without permission and authorization.

13. Defendants infringed and continue to infringe Southern's Copyrights by using its Original Works as their own.

14. Southern has notified the Defendants in writing of their infringement.

15. Defendants continues to infringe the Southern's Copyrights by continuing to use the Original Works in violation of the copyrights, and further has engaged in unfair trade practices and unfair competition in connection with the use of the Original Works, thus causing irreparable damage.

16. Upon information and belief, Defendants W. Christopher Beary and Ross Laguarde had acknowledge knowledge of and directed and controlled the infringing activity of the other Defendants.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT

17. Southern repeats and re-alleges the allegations set forth in paragraphs 1-15 above as if fully set forth in this paragraph.

18. Southern owns all right and title to the copyright interests in the Original Works, including copyright registrations issued by the United States Copyright Office.

19. Upon information and belief, Defendants have, with actual knowledge of Southern's copyright interests, willfully and intentionally infringed Southern's Copyrights in its Original Works by copying and using the Original Works.

20. Upon information and belief, Defendants' copyright infringement has damaged Southern in a sum not presently known but believed to be significant.

21. Southern is entitled to preliminary and permanent injunctive relief, damages, attorney fees and the destruction of Defendant's infringing copies.

### PRAYER FOR RELIEF

Southern prays for relief as follows:

A. A judgment against Defendants, and their affiliates, agents, servants, employees, representatives and all other persons, firms or corporations in active concert or participation with them, preliminarily and permanently enjoining and restraining them from using, copying or otherwise infringing Southern's Copyrights;

B. Ordering the seizure and destruction of any infringing materials;

C. Requiring Defendants to account for and pay to Southern, all gains, profits, and advantages derived from Defendant's wrongful acts, or such alternative measure or measures of damages, including statutory damages, as may be appropriate.

D. In view of Defendant's willful conduct, treble or exemplary damages.

E An award of attorney fees, interests and costs; and,

F. Any other or further relief to which plaintiff may be entitled.

Dated: December 22, 2015

Respectfully submitted,

/s/ Greg Latham_____
Gregory D. Latham T.A. (25955)
Kent C. Barnett (33002)
Intellectual Property Consulting, LLC
201 St. Charles Avenue, Suite 114
New Orleans, Louisiana 70170
Phone: (504) 322.7166
Fax: (504) 322.7184
glatham@iplawconsulting.com
kbarnett@iplawconsulting.com

*ATTORNEYS FOR SOUTHERN CREDENTIALING SUPPORT SERVICES, LLC*