UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHERN CREDENTIALING SUPPORT SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 15-7013 |
| HAMMOND SURGICAL HOSPITAL LLC ET AL. | SECTION "H" |

## ORDER AND REASONS

Before the Court are Defendant's Motion for Summary Judgment (Doc. 110) and Plaintiff's Motion for Partial Summary Judgment (Doc. 112). For the following reasons, the Defendant's Motion is DENIED, and Plaintiff's Motion is GRANTED IN PART.

## BACKGROUND

Plaintiff, Southern Credentialing Support Services, LLC ("SCSS"), alleges that Defendants, Hammond Surgical Hospital, LLC d/b/a Cypress Pointe Surgical Hospital ("CPSH"), Hammond Surgical Hospital Management

1

Co. LLC, and Christopher Beary, infringed on their copyright through the unauthorized use, reproduction, and distribution of Plaintiff's healthcare credentialing forms. On January 15, 2010, CPSH hired Plaintiff to provide healthcare credentialing services. Plaintiff alleges that after this relationship was terminated on April 10, 2013, CPSH continued to use its healthcare credentialing forms. The forms at issue consist of two packets—the Louisiana Hospital Credentialing Process Packet and the Louisiana Hospital Re-Credentialing Process Packet. Each packet consists of forms, applications, delineations, and other documents designed to streamline the healthcare credentialing process.

Defendant CPSH moves for summary judgment on Plaintiff's claim that Defendants have infringed on its copyright, alleging that Plaintiff is not entitled to copyright protection because (1) it does not own a valid copyright, (2) it did not create the work, (3) it has waived its claims, and (4) it was not damaged. Plaintiff has likewise moved for summary judgment in its favor, arguing that it has established a valid claim for copyright infringement to which Defendant has no defense.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

### A. Copyright Infringement

In order to show copyright infringement, Plaintiff must show that (1) it owns a valid copyright and (2) Defendant copied constituent elements of Plaintiff's work that are original.[9] This Court will consider each element in turn.

### *1. Valid Copyright*

At the outset, the parties dispute the validity of Plaintiff's copyright. Although it is undisputed that Plaintiff obtained copyright registration of the packets, such creates "only a rebuttable presumption that the copyrights are valid."[10] To qualify for copyright protection, ownership of a valid copyright must be established "by proving the originality and copyrightability of the material and compliance with the statutory formalities."[11] "The level of creativity required to make a work of authorship original is extremely low; even a slight amount will suffice."[12]

Defendant argues that Plaintiff's health credentialing packets cannot meet the requisite level of creativity required for copyright protection because they are factual and do not contain any creative components. Specifically, Defendant alleges the contents of the forms at issue are required by regulation and CPSH's policies and procedures. It also argues that many of the forms were borrowed from a nearby hospital.

---

[9] Amazing Spaces, Inc. v. Metro Mini Storage, 608 F.3d 225, 251 (5th Cir. 2010).
[10] *Id.*
[11] Norma Ribbon & Trimming, Inc. v. Little, 51 F.3d 45, 47 (5th Cir. 1995).
[12] Mason v. Montgomery Data, Inc., 967 F.2d 135, 142 (5th Cir. 1992).

Defendant is correct that facts are not copyrightable. "Facts themselves are not copyrightable because they are discovered rather than authored, so '[n]o one may claim originality as to facts.'"[13] Plaintiff contends, however, that its credentialing packets constitute factual compilations. "Factual compliations . . . 'may possess the requisite originality' because a 'compilation author typically chooses which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers.'"[14] "A work represents a copyrightable compilation if it involves the collection and assembly of existing facts, the selection and arrangement of those materials, and the creation, by virtue of selection, of an 'original' work."[15] There are three requirements for a compilation to qualify for copyright protection: "(1) the collection and assembly of preexisting material, facts, or data; (2) the selection, coordination, or arrangement of those materials; and (3) the creation, by virtue of the particular selection, coordination, or arrangement, of an original work of authorship."[16] This Court holds that Plaintiff's credentialing packets meet this test.

Although Plaintiff's credentialing packets contain facts derived from regulations and CPSH policy, Plaintiff has compiled them into an efficient and streamlined credentialing process that even Defendant admitted was "very efficient."[17]

---

[13] Am. Registry of Radiologic Technologists v. Bennett, 939 F. Supp. 2d 695, 702 (W.D. Tex. 2013) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348 (1991)).
[14] *Id.*
[15] F.A. Davis Co. v. Wolters Kluwer Health, Inc., 413 F. Supp. 2d 507, 512 (E.D. Pa. 2005).
[16] *Feist Publ'ns, Inc.*, 499 U.S. at 357.
[17] Doc. 112-4.

> The compilation author typically chooses which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers. These choices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity, are sufficiently original that Congress may protect such compilations through the copyright laws.[18]

Debra Caminita, Plaintiff's representative, testified as to her thought process in developing the packets and each form within. She testified that her credentialing packets and forms were designed to be streamlined and "get to the point" and that they vary from competing packets by eliminating unnecessary questions and information. Such decisions regarding selection and arrangement clearly necessitate at least some level of creativity.[19]

In addition, Defendant's complaint regarding Plaintiff's use of delineation forms from another hospital is unfounded. Even assuming that Plaintiff did borrow the delineation forms from another hospital, Plaintiff shows how most of her delineation forms differ from those Defendant contends she borrowed. These differences establish the requisite minimal amount of creativity required for copyright protection. In addition, "[t]he mere fact that component parts of a collective work are neither original to the plaintiff nor copyrightable by the plaintiff does not preclude a determination that the combination of such component parts as a separate entity is both original and copyrightable."[20]

---

[18] *Feist Publ'ns, Inc.*, 499 U.S. at 348.
[19] *See* WorkSTEPS Inc. v. ErgoScience, Inc., 88 F. Supp. 3d. 732, 748 (W.D. Tex. 2015).
[20] Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 388 (5th Cir. 1984)

Accordingly, this Court finds that Plaintiff has a valid copyright in the healthcare credentialing packets as factual compilations. The Court notes, however, that such a copyright is considered a "thin" copyright with limited protection.[21] "Notwithstanding a valid copyright, a subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work, so long as the competing work does not feature the same selection and arrangement."[22] The "copyright protects only the elements that owe their origin to the compiler—the selection, coordination, and arrangement of facts."[23]

### 2. *Copying*

To show the second element of a copyright infringement claim, copying, "a plaintiff must prove: (1) factual copying and (2) substantial similarity."[24] The first prong is easily satisfied in this case as Defendant does not deny using portions of Plaintiff's packets. The second prong, however, presents a more difficult question—one which has been glossed over by both parties.

Although this Court has found that Plaintiff holds a valid copyright in the packets as factual compilations, Plaintiff has not alleged that Defendants used its entire compilation. Rather, it alleges that they used about seven of its base forms—the Bylaws Attestation, Medical Record Signature Form, Call Coverage Verification, Federal DEA and LA State Controlled Dangerous Substance Form, Practitioners Receiving Medicare/Champus Payments Notice, Health Statement Verification, Continuing Education Verification, and

---

[21] *Feist Publications, Inc.*, 499 U.S. at 359.
[22] *Id.* at 349.
[23] *Id.* at 359.
[24] *Amazing Spaces, Inc.*, 608 F.3d at 251.

Tuberculosis Skin Testing and Influenza Verification—and the 33 provider-specific delineations. These forms make up only a portion of the packets at issue. Plaintiff contends that the substantial similarity prong is easily satisfied because Defendants do not dispute that they continued to use the aforementioned documents after their relationship with Plaintiff terminated. Presumably then, Plaintiff's position is that there is substantial similarity—indeed, identity—between those forms in Plaintiff's packets and the forms used by Defendants. This position misses the mark.

Indeed, the proper comparison is to the works as a whole.[25] "To determine whether two works are substantially similar, 'a side-by-side comparison' must be made between the copyrighted and allegedly infringing works."[26] "[A] scattershot approach cannot support a finding of substantial similarity because it fails to address the underlying issue: whether a lay observer would consider the works as a whole substantially similar to one another."[27] The Fifth Circuit has advised that "substantial similarity may be measured by comparing the products as a whole, but the more exact a duplication of constituent pieces of a work the less overall similarity that may be required."[28] The parties have not briefed such a comparison, and it is

---

[25] *See* Eng'g Dynamics, Inc. v. Structural Software, Inc., 26 F.3d 1335, 1347 (5th Cir. 1994), o*pinion supplemented on denial of reh'g*, 46 F.3d 408 (5th Cir. 1995).
[26] *WorkSTEPS, Inc.*, 88 F. Supp. 3d at 749.
[27] Williams v. Crichton, 84 F.3d 581, 590 (2d Cir. 1996).
[28] Eng'g Dynamics, Inc. v. Structural Software, Inc., 46 F.3d 408, 410 (5th Cir. 1995); *see also* Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 548 (1985) (holding that "lifting verbatim quotes of the author's original language totaling between 300 and 400 words and constituting some 13%" of the copyrighted work constituted substantial similarity); MELVILLE NIMMER, NIMMER ON COPYRIGHT § 13.03(A)(2)(a) (2013) ("The quantitative relation of the similar material to the total material contained in plaintiff's work

unclear whether they have provided this Court with Defendants' entire infringing work—i.e. its healthcare credentialing packet. In addition, "because substantial similarity is customarily an extremely close question of fact, summary judgment has traditionally been frowned upon in copyright litigation."[29] Accordingly, Plaintiff has failed to carry its burden to show no material issue of fact exists as to its copyright infringement claim, and its motion is therefore denied.[30]

### B. Joint Works

Defendant moves for dismissal of Plaintiff's copyright infringement claim, arguing that the documents at issue are joint works. A joint work is one that is prepared by two or more authors but presented as a whole.[31] "The authors of a joint work are co-owners of the copyright in that work."[32] Accordingly, an action of infringement between joint owners cannot succeed. Defendant alleges that Plaintiff and Defendant actively collaborated to develop the form packets. It argues that many of the forms were obtained through Defendant's sources and that the two parties met to discuss the forms.

Even assuming that the facts presented by Defendant are true, however, they do not rise to the level of joint authorship. This district has "universally followed the guidance of the Second Circuit in *Childress v. Taylor*, 945 F.2d

---

is certainly of importance. However, even if the similar material is quantitatively small, if it is qualitatively important, the trier of fact may properly find substantial similarity.").

[29] *WorkSTEPS, Inc.*, 88 F. Supp. 3d at 749.

[30] *See* Bridgmon v. Array Sys. Corp., 325 F.3d 572, 577 (5th Cir. 2003) ("[The plaintiff's] failure to adduce evidence for such a comparison vitiates her claim.").

[31] 17 U.S.C. § 101.

[32] BTE v. Bonnecaze, 43 F. Supp. 2d 619, 622 (E.D. La. 1999).

500 (2d Cir. 1991)."[33] Under the *Childress* approach, "a co-authorship claimant bears the burden of establishing that each of the putative co-authors (1) made independently copyrightable contributions to the work; and (2) fully intended to be co-authors."[34] The court in *Childress* held that collaboration alone is insufficient to create joint authorship, and instead, the contributions of each author must be independently copyrightable.[35] It also held that the authors must intend to be joint authors.[36] "Care must be taken . . . to guard against the risk that a sole author is denied exclusive authorship status simply because another person render[s] some form of assistance."[37]

The evidence submitted by Defendant in support of its argument for joint authorship does not show any intent on the part of Defendant to become a joint author of the credentialing packets. It shows merely that representatives from Defendant collaborated with Plaintiff to ensure the accuracy of the forms for use at Defendant's specific hospital. Defendant does not present any contributions that might warrant independent copyrightability. Accordingly, Defendant has not shown that it is a joint author of the packets, and this argument therefore fails.

**C. Waiver**

Defendant next argues that Plaintiff should be estopped from arguing that Defendant infringed its copyright. The parties agree that the elements of estoppel require that:

---

[33] Aillet, Fenner, Jolly & McClelland, Inc. v. U.L. Coleman Co., No. 09-2016, 2012 WL 4450977, at *3 (W.D. La. Sept. 25, 2012).
[34] *Id.*
[35] Childress v. Taylor, 945 F.2d 500, 506–07 (2d Cir. 1991).
[36] *Id.*
[37] *Id.*

(1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiff's conduct to its injury.[38]

Defendant argues that Plaintiff knew that Defendant was using its forms as early as July 8, 2013 but elected to do nothing and did not advise Defendant that it felt its conduct was infringing until more than a year later. On July 28, 2014, Plaintiffs emailed Defendant, asserting that Defendant was violating its copyright by using some of its forms. Defendant contends that this delay in notice should render Plaintiff estopped from pursuing a claim for copyright infringement.

Here, however, a material issue of fact exists regarding when Defendant received notice that Plaintiff believe its continued use of a portion of its packets was infringing. Plaintiff contends that its representative informed Defendant of the infringing conduct at a meeting on July 15, 2013. Defendant denies this, creating a material issue of fact regarding whether Plaintiff delayed in giving Defendant notice that it believed it was infringing on its copyright. Accordingly, summary judgment on this issue is inappropriate.

**D. Damages**

Finally, Defendant argues that Plaintiff cannot succeed on its claim because it cannot show damages. Under copyright law, a plaintiff can receive either actual or statutory damages. "[T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages

---

[38] Carson v. Dynegy, Inc., 344 F.3d 446, 453 (5th Cir. 2003).

and profits, an award of statutory damages for all infringements involved in the action."[39] Statutory damages may range between $750 and $30,000 per infringed work, or if the infringement is willful, the Court may increase the statutory damages up to $150,000 per infringement.[40] Accordingly, Plaintiff need not show actual damages to succeed on its copyright claim as it can elect, at any time prior to final judgment, to receive statutory damages whether Defendant's conduct was willful or not. Defendant's argument for dismissal is therefore unavailing.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED. Plaintiff's Motion is GRANTED to the extent that the Court holds that Plaintiff has a valid copyright in the packets at issue and DENIED as to Plaintiff's infringement claim.

New Orleans, Louisiana this 21st day of December, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[39] 17 U.S.C. § 504.
[40] *Id.*