UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHERN CREDENTIALING SUPPORT
SERVICES, LLC                                               CIVIL ACTION

VERSUS                                                      NO: 15-7013

HAMMOND SURGICAL
HOSPITAL LLC ET AL.                                         SECTION "H"

# ORDER AND REASONS

Before the Court are Defendants' Motion for Summary Judgment (Doc. 164) and Plaintiff's Motion for Summary Judgment (Doc. 165). For the following reasons, the Defendants' Motion is DENIED, and Plaintiff's Motion is GRANTED.

# BACKGROUND

Plaintiff, Southern Credentialing Support Services, LLC ("SCSS"), alleges that Defendants, Hammond Surgical Hospital, LLC d/b/a Cypress Pointe Surgical Hospital ("CPSH"), Hammond Surgical Hospital Management

1

Co. LLC ("Hammond"), and Christopher Beary, infringed on its copyright through the unauthorized use, reproduction, and distribution of Plaintiff's healthcare credentialing forms. On January 15, 2010, CPSH hired Plaintiff to provide healthcare credentialing services. Plaintiff alleges that after this relationship was terminated on April 10, 2013, CPSH continued to use its healthcare credentialing forms. The forms at issue consist of two packets (collectively, "the Packets")—the Louisiana Hospital Credentialing Process Packet (the "Initial Application Packet") and the Louisiana Hospital Re-Credentialing Process Packet (the "Re-Credentialing Packet"). Each packet consists of forms, applications, delineations, and other documents designed to streamline the healthcare credentialing process.

Specifically, the Initial Application Packet is 83 pages and consists of: SCSS's original application; 8 "base documents" common to all credentialing applications: the Bylaws Attestation, Medical Record Signature Verification, Call Coverage Verification, Federal DEA and LA State Controlled Dangerous Substance Verification, Practitioners Receiving Medicare/Champus Payments Notice, Health Statement Verification, Continuing Education Verification, and Tuberculosis Skin Testing and Influenza Verification; and 33 provider-specific delineations. The Re-Application Packet is 113 pages and consists of: SCSS's original re-appointment application; the same 8 "base documents;" and 33 provider-specific delineations. Healthcare providers use these documents when seeking credentialing and re-credentialing with hospitals. In completing the credentialing process, a healthcare provider will only submit the delineation form consistent with his or her practice area.

Plaintiff claims, and Defendants do not dispute, that Defendants continued to use their base documents and delineations to credential providers even after they stopped working with Plaintiff and hired LA Credentials, Inc. to conduct their credentialing services. It also alleges that between January and August 2017 Defendants published seven of Plaintiff's base documents and 28 of its delineations on the LA Credentials website.

The parties previously moved for summary judgment in this matter, and this Court has held that while Plaintiff has a valid copyright in the Packets as factual compilations, it failed to show that Defendants copied the Packets. The Court held that the parties failed to provide sufficient briefing on the issue of substantial similarity. The Court also denied summary judgment on Defendants' defenses of joint authorship and waiver.

Thereafter, the Court invited the parties to file summary judgment motions on the issue of copying, and the instant motions ensued. Plaintiff seeks a finding of substantial similarity and summary judgment on its copyright infringement claim against Defendants CPSH and Hammond. All Defendants seek dismissal of the copyright infringement claim against them.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

---

[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## LAW AND ANALYSIS

To show the second element of a copyright infringement claim, copying, "a plaintiff must prove: (1) factual copying and (2) substantial similarity."[9] This Court has already held that the first prong is easily satisfied in this case as Defendant does not deny using portions of Plaintiff's Packets. The Court will now consider the second prong.

"To determine whether two works are substantially similar, 'a side-by-side comparison' must be made between the copyrighted and allegedly infringing works."[10] The Fifth Circuit has advised that "substantial similarity may be measured by comparing the products as a whole, but the more exact a duplication of constituent pieces of a work the less overall similarity that may be required."[11] At the outset, the parties dispute the relevant comparison necessary for a substantial similarity analysis. Plaintiff contends that its Packets should be compared to the full packet used by Defendants, i.e. the 35 documents that were posted to LA Credentials website. Defendants contend that the comparison should be to actual attempts to credential specific providers, namely Dr. Aust, Dr. Smith, and Dr. Gundu. For instance, they contend that the Court should compare Plaintiff's full credentialing packet to the application of Dr. Gundu, which necessarily included only one of the 33 delineation forms from which a provider may choose. Defendants provide no law for this position, and indeed this Court can think of no reason why its suggested comparison would be the appropriate one. Certainly, Defendants

---

[9] Amazing Spaces, Inc. v. Metro Mini Storage, 608 F.3d 225, 251 (5th Cir. 2010).
[10] WorkSTEPS, Inc. v. ErgoScience, Inc., 88 F. Supp. 3d 732, 748 (W.D. Tex. 2015).
[11] Eng'g Dynamics, Inc. v. Structural Software, Inc., 46 F.3d 408, 410 (5th Cir. 1995).

5

cannot suggest that their only infringing use was in the applications of those three providers. Defendants do not dispute that 28 of Plaintiff's delineations and seven of its base documents were placed on LA Credentials website. Such placement constitutes an infringing use and is therefore an appropriate comparison for purposes of a substantial similarity analysis.[12]

Plaintiff alleges that Defendants posted to LA Credential's website seven of its base forms—the Bylaws Attestation, Medical Record Signature Form, Call Coverage Verification, Federal DEA and LA State Controlled Dangerous Substance Form, Practitioners Receiving Medicare/Champus Payments Notice, Health Statement Verification, and Tuberculosis Skin Testing and Influenza Verification—and 28 of its 33 provider-specific delineations. Plaintiff asserts, and Defendants do not dispute, that these documents amount to about 50 pages of the 83-page Initial Application Packet (or 60 percent) and 50 of 113 pages of the Re-Application Packet (or 44 percent). The copied pages are identical to those copyrighted by Plaintiff in that they feature an identical selection and arrangement of information. The selection and arrangement of the information is precisely the element of Plaintiff's work that is protected by copyright. Courts have found substantial similarity when an infringing work featured far less verbatim copying of a copyrighted work.[13]

---

[12] Defendants cite to *Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 293 F.3d 791 (5th Cir. 2002), for the proposition that the publication of copyrighted factual material online is not a copyright infringement. *Veeck*, however, stands only for the proposition that building codes adopted into law by a municipality are facts that cannot be copyrighted, and therefore, posting those codes online does not constitute copyright infringement. The holding in *Veeck* is wholly irrelevant to the issues before this Court. This Court has already held that Plaintiff's Packets are subject to copyright protection as factual compilations.

[13] *See* Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 548 (1985) (holding that "lifting verbatim quotes of the author's original language totaling between 300

Defendants argue that the documents that they copied are qualitatively insignificant because they are not required for credentialing. Indeed, "the substantiality of the similarity is measured by considering the qualitative *and* quantitative significance of the copied portion in relation to the plaintiff's work as a whole."[14] However, even assuming, without deciding, that the qualitative importance of the copied documents is relatively low, the sheer volume of the copying is quantitatively significant. Defendants have verbatim copied 60 and 44 percent of Plaintiff's copyrighted works. "Even for works warranting little copyright protection, verbatim copying is infringement."[15] It is clear to this Court that in light of the extensive verbatim copying a "layman would view the two works as substantially similar."[16] In addition, "the fact that a substantial portion of the infringing work was copied verbatim is evidence of the qualitative value of the copied material, both to the originator and to the plagiarist who seeks to profit from marketing someone else's copyrighted expression."[17]

Accordingly, this Court holds that Plaintiff has shown that there is no material issue of fact regarding the substantial similarity between its copyrighted work and Defendants' infringing work. Plaintiff is therefore

---

and 400 words and constituting some 13%" of the copyrighted work constituted substantial similarity).

[14] Faulkner Literary Rights, LLC v. Sony Pictures Classics Inc., 953 F. Supp. 2d 701, 706 (N.D. Miss. 2013) (quoting Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 373 (5th Cir. 2004), *abrogated on separate grounds by* Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010)) (emphasis added).

[15] *Eng'g Dynamics, Inc.*, 26 F.3d at 1348 (5th Cir. 1994) (quoting Atari Games Corp. v. Nintendo of Am., Inc., 975 F.2d 832, 840 (Fed. Cir. 1992)).

[16] *See* Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc., 783 F.3d 527, 550 (5th Cir. 2015).

[17] *Harper & Row Publishers, Inc.*, 471 U.S. at 565.

entitled to summary judgment on its copyright infringement claim. Plaintiff is therefore is entitled to a permanent injunction against Defendants CPSH and Hammond.

The following issues are left for trial: (1) the liability of Christopher Beary as to Plaintiff's claims of copyright infringement; and (2) damages. As to damages, Plaintiff is entitled to either (1) actual damages and any additional profits of the infringer or (2) statutory damages.[18] "[T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action."[19] Statutory damages may range between $750 and $30,000 per infringed work, or if the infringement is willful, the Court may increase the statutory damages up to $150,000 per infringement.[20] Accordingly, Plaintiff is entitled to present evidence at trial of its actual damages, of the additional profits of Defendants, and of Defendants' willfulness in infringing on its copyright.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED. Plaintiff's Motion is GRANTED. Plaintiff is entitled to a permanent injunction on its copyright infringement claim. Plaintiff shall file a proposed order outlining a permanent injunction for the Court's consideration.

---

[18] 17 U.S.C. § 504.
[19] *Id.*
[20] *Id.*

New Orleans, Louisiana this 12th day of March, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**