UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHERN CREDENTIALING SUPPORT SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO: 15-7013 |
| HAMMOND SURGICAL HOSPITAL LLC ET AL. | SECTION "H" |

# ORDER

Before the Court is Defendants' Motion to Amend or Alter Order Granting Summary Judgment (Doc. 191). On March 13, 2018, this Court granted summary judgment to Plaintiff on its copyright infringement claim. Thereafter, Defendant filed the instant motion pursuant to Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[1] Instead, Rule 59(e) serves the narrow

---

[1] Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004) (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).

purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[2] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[3] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[4] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[5]

Here, Defendants have not identified any manifest error committed by this Court, and rather, restate arguments already considered. In addition, the clarification sought by Defendants regarding the Court's prior Order was addressed at trial. No further clarification is necessary.

Accordingly;

**IT IS ORDERED** that the Motion is **DENIED**.

New Orleans, Louisiana this 9th day of October, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] Advocare Int'l, LP v. Horizon Labs., Inc., 524 F.3d 679, 691 (5th Cir. 2008) (quoting Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)).
[3] Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004)).
[4] Templet, 367 F.3d at 479 (citations omitted).
[5] Hale v. Townley, 45 F.3d 914, 921 (5th Cir. 1995).